ceived rents and income. A portion of these she invested in articles of jewelry and personal ornaments, a portion she devoted to her support and the support of her family, and a part she deposited to her own credit in bank; so that at the time of her death she owned and possessed the property and money and evidence of debt in controversy in this action. This property the defendants have under their control, and refuse to deliver to the plaintiff, as the administrator of his wife, because they say it is the proceeds of the increase of her share of the estate of her father, and, under his will, she having died without issue, the same reverts to them. The rents, issues, and profits of her share set off to her by agreement of all the parties interested, contingently or otherwise, became her absolute property, and subject to her disposal during her life-time. It being hers, I see no reason why upon her death it did not form a part of her estate, and pass to her administrator for this reason. Suppose she had invested these rents and profits in business, from the conduct of which benefits accrued to her; will it be pretended that this, or any part of it, upon her death would have passed to her surviving brothers and sisters under her father's will in question? The statement of the proposition is, of itself, a negative answer to the suggestion.

"In my judgment the property, etc., in controversy form a part of the estate of the plaintiff's intestate, and as such that he, as administrator, is entitled to the possession of the same for the purpose of administration. Judgment is ordered accordingly, with costs." Defendants appeal.

Argued before MARTIN and FOLLETT, JJ.

*D. C. Stoddard,* for appellants. *W. Kernan* and *N. C. White,* for respondent.

PER CURIAM. Judgment affirmed, with costs against the appellants personally, on opinion of KENNEDY, J., at special term.

---

## PEOPLE v. NEW YORK, N. H. & H. R. Co.

*(Supreme Court, Special Term, New York County.  May, 1889.)*

1. RAILROAD COMPANIES—REGULATION—HEATING CARS.
   Laws N. Y. 1887, c. 616, as amended by Laws 1888, c. 189, forbidding any steam railroad doing business in the state of New York to heat its passenger-cars by any stove or furnace kept inside the car or suspended therefrom, but providing that the act shall not apply to railroads less than 50 miles in length, applies to a railroad of the prescribed length, which is partly within and partly without the state, though the portion within the state is less than 50 miles in length.

2. SAME—POWER OF STATE LEGISLATURE.
   The act, being a police regulation, and not conflicting with any federal or state restrictions on the legislative power, is valid, though the road sought to be regulated is only partly within the state.

Action by the people of the state of New York against the New York, New Haven & Hartford Railroad Company, to recover the penalty for the violation by defendant of the statute regulating the heating of steam passenger-cars. Defendant demurs to the complaint.

*Charles F. Tabor,* Atty. Gen., for the People.  *Page & Taft,* for defendant.

'O'BRIEN, J. This action is brought to recover penalties to the amount of $7,000 from the defendant for alleged violations of the provisions of chapter 616 of the Laws of 1887, as amended by chapter 189 of the Laws of 1888. These acts seek to regulate the heating of steam passenger-cars, etc., and declare it unlawful for any steam railroad doing business in this state to heat its passenger-cars by any stove or furnace kept inside the car, or suspended therefrom. The acts contained a provision that they shall not apply to railroads less than 50 miles in length. It is conceded that the defendant has not complied with the provisions of the act. To the complaint the defendant demurs upon the ground that it did not state facts sufficient to constitute a

cause of action. In support of the demurrer it is claimed that the act in question was not intended to apply to cars on railroad lines such as the defendant company, whose line is partly within, but principally without, the state of New York. A portion of the defendant's road within the state of New York is but 26 miles in length, and it is therefore claimed that it comes within the exemption provided by the act as applicable to roads less than 50 miles in length. In an inquiry as to the purpose, character, and intent of the legislature, the court will take notice of such facts judicially as are matters of public notoriety, and recur, when necessary for the purpose of determining the scope of such intent, to the history of the evil conditions the statutes were intended to remedy. Short railroads in the state are merely local conveniences. The car stove in connection with a sleeping-car on long trains of passenger coaches running over a trunk or through system of passenger transportation was undoubtedly the evil which the legislature intended to remedy. It being a police regulation, which the legislature had the right to enact, and the same not conflicting with any federal or state restrictions upon the legislative power in this regard, I am of opinion that the act is valid, and that it applies to the defendant road, which is more than 50 miles in length, although having but 26 miles thereof within this state. This seems to me to be the fair, natural, and reasonable construction to be given to the acts. Plaintiff is therefore entitled to judgment upon the demurrer, with costs, with leave to the defendant to answer over.